No. 587 August 21, 2024 495

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

GAVIN LAVELL LEISEK,
*Petitioner,*

*v.*

BOARD OF PAROLE
AND POST-PRISON SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A182240

Submitted July 10, 2024.

Ethan Hazel filed the opening brief for petitioner. Justin Rusk filed the reply brief for petitioner.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Joyce, Judge, and Balmer, Senior Judge.

PER CURIAM

Reversed and remanded.

**PER CURIAM**

Petitioner seeks judicial review of a June 2023 order of the Board of Parole and Post-Prison Supervision. The board set petitioner's sex offender notification level (SONL) at Level 2 (Moderate), applying the current versions of OAR 255-085-0005 and OAR 255-085-0020. In three assignments of error, petitioner argues that the board erred in setting his SONL at Level 2, challenging the board's approach of assessing the risk of committing a new sex offense that petitioner presented in 2007, when he was released on the index offense, rather than the risk that he presented in 2023, when the board set his SONL.

We have recently decided a number of cases involving similar arguments, including cases decided under the current versions of OAR 255-085-0005 and OAR 255-085-0020. Most importantly, in *Thomsen v. Board of Parole*, 333 Or App 703, 715, ___ P3d at ___ (2024), we held that the current rules are invalid because "the board's methodology for initial classification of an individual's SONL does not measure what the legislature has charged it with measuring under ORS 163A.100 (*i.e.*, present risk), but instead measures 'the registrant's risk as it was at the time of their release from their index offense.'" Because the current rules fail to comply with the statutory directive, they "'exceed[] the statutory authority' of the board, within the meaning of ORS 183.400(4)(b)." *Id.*; *see also Allen v. Board of Parole*, 334 Or App 447, ___ P3d ___ (2024) (applying *Thomsen*).

*Thomsen* is controlling. We therefore reverse and remand to the board. Given our disposition, we need not address petitioner's fourth assignment of error, in which he raises a constitutional challenge to a specific aspect of the board's approach.

Reversed and remanded.